In the Matter of the Estate of FREDERICK W. STIEFEL, Deceased. MARIE STIEFEL, Appellant; EVELYN M. EBERHARDT, Respondent.— Appeal by the widow of Frederick Walter Stiefel from a decree of the Surrogate's Court of Ulster County determining that she is not entitled under section 18 of the Decedent Estate Law of the State of New York to elect to take any share of the estate of her deceased husband against the provisions of his will. The testator and appellant were married on July 26, 1928. They separated in September, 1935, and thereafter lived separate and apart until the husband's death on July 25,

1946. In July, 1937, appellant instituted an action in the Supreme Court against her husband for judicial separation and was awarded alimony and counsel fees in that action. On June 8, 1938, while the separation action was pending the testator and appellant duly executed and acknowledged a separation agreement. The Surrogate has held that by this agreement the appellant effectually waived any and all right of election to take an intestate share of the estate of her deceased husband against the provisions of any will he might make. In one part of the agreement appellant not only agreed that the testator should have the right to ·dispose of his property by will but " that the estate of the First Party [the husband], whether real or personal, shall * * * go and belong to the person or persons, who would have become entitled thereto, if the Second Party [the wife] had died during the lifetime of the First Party ". It is our conclusion that by the terms of the separation agreement the appellant has waived all her rights under subdivision 9 of section 18 of the Decedent Estate Law. Decree affirmed, without costs. Hill, P. J., Heffernan, Foster, Russell and Deyo, JJ., concur.   [See *post*, p. 930.]